FEE OWNERSHIP CORPORATION and NEDICK'S STORES, INC., Respondents, v. ROS-LOR BAR & GRILL, INC., and ROSE GRILL, INC., Appellants.— Judgment for plaintiffs perpetually enjoining the defendants from maintaining an open front or open window store front or an open window or a counter along the sidewalk of a store leased by defendants and from maintaining any opening in the front of said store other than the present door entrance and from selling any foods or beverages over any counter or through any opening in the store front, reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Both plaintiff Nedick's Stores, Inc., and defendant Rose Grill, Inc., as assignee of Ros-Lor Bar & Grill, Inc., are tenants of portions of the same building by leases made with the plaintiff Fee Ownership Corporation. It is undisputed that the paragraph in the present lease between the plaintiff landlord and the defendant Ros-Lor Bar & Grill, Inc., requiring the landlord to provide an ordinary store front for the demised premises, was not inserted for the purpose of preventing the tenant from maintaining an open front, but instead, was at the instance of and for the benefit of the tenant. By agreement, the landlord was relieved of the obligation to provide such a store front, to the extent at least of a frame enclosed window. The composition work erected by the defendants upon the base constructed by the landlord, inclusive of a counter, was done pursuant to that agreement during the construction of the building. Under the circumstances there

was no violation of the lease on the part of the tenant respecting the landlord's obligation to provide an ordinary store front. The lease running to plaintiff Nedick's Stores, Inc., as tenant, contains general provisions requiring the landlord to prohibit other tenants from operating with open fronts, and from conducting a business similar to that tenant's business. But these provisions, it is expressly provided, do not apply to a tenant occupying a portion of the building as a restaurant or bar and grill where liquor is sold for consumption on the premises in such restaurant, bar and grill. The tenancy of the appellants comes precisely within this exception. In addition, there is no proof that the appellants had notice or knowledge of such restrictions. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur. Settle orde on notice.